**NOT YET SCHEDULED FOR ORAL ARGUMENT**

# United States Court of Appeals
# for the District of Columbia Circuit

## No. 23-3106

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DANIEL GOODWYN,

*Defendant-Appellant.*

*On Appeal from the United States District Court for the District of Columbia in No. 1:21-cr-00153-RBW-1, Honorable Reggie B. Walton, U.S. Senior District Judge.*

# JOINT APPENDIX

CHRISELLEN REBECCA KOLB
ASSISTANT U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE
(USA) Appellate Division, Room 8104
601 D Street NW
Washington, DC 20530
(202) 252-6833
chrisellen.r.kolb@usdoj.gov

*Counsel for Plaintiff-Appellee*

CAROLYN A. STEWART
STEWART COUNTRY LAW PA
1204 Swilley Road
Plant City, Florida 33567
(813) 946-8066
carolstewart_esq@protonmail.com

*Counsel for Defendant-Appellant*

September 5, 2023

CP  COUNSEL PRESS    (800) 4-APPEAL • (323632)

# TABLE OF CONTENTS

**Page**

Docket Entries ................................................................................. A1

Plea Agreement, filed January 31, 2023 ........................................ A14

Statement of Offense, filed January 31, 2023 ............................... A25

Judgment in a Criminal Case, filed June 15, 2023 ....................... A33

Notice of Appeal, filed June 30, 2023 ........................................... A40

Sentencing Transcript, filed June 30, 2023 ................................... A41

**Query    Reports    Utilities    Help    Log Out**

APPEAL,CAT B,CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: 1:21-cr-00153-RBW-1

Case title: USA v. GOODWYN                    Date Filed: 02/24/2021

Magistrate judge case number: 1:21-mj-00063-ZMF

---

Assigned to: Judge Reggie B. Walton
Appeals court case number: 23-3106

**Defendant (1)**

**DANIEL GOODWYN**                    represented by    **John Daniel Hull , IV**
                                                        HULL MCGUIRE PC
                                                        1420 N Street, NW
                                                        Washington, DC 20005
                                                        202-429-6520
                                                        Fax: 412-261-2627
                                                        Email: jdhull@hullmcguire.com
                                                        *TERMINATED: 10/05/2021*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

                                                        **Joseph Daniel McBride**
                                                        THE MCBRIDE LAW FIRM, PLLC
                                                        99 Park Avenue
                                                        25th Floor
                                                        New York, NY 10016
                                                        917-757-9537
                                                        Fax: 646-219-2012
                                                        Email: jmcbride@mcbridelawnyc.com
                                                        *TERMINATED: 04/28/2023*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

                                                        **Carolyn Stewart**
                                                        1204 Swilley Road
                                                        Plant City, FL 33567
                                                        813-451-5753
                                                        Fax: 813-946-8066
                                                        Email: carolstewart_esq@protonmail.com
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

A1

| Pending Counts | Disposition |
|---|---|
| 18 U.S.C. 1512(c)(2); TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding (1) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting. (1s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds (2) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds. (2s) | Defendant sentenced to Sixty (60) Days of incarceration with credit for time served followed by One (1) Year of Supervised Release. Special Assessment of $25 imposed. Restitution of $500 imposed. Fine of $2,500 imposed. |
| 18 U.S.C. 1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds (3) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds. (3s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 40 U.S.C. 5104(e)(2)(D); FEDERAL STATUTES, OTHER; Disorderly Conduct in a Capitol Building (4) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Disorderly Conduct in a Capitol Building. (4s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 40 U.S.C. 5104(e)(2)(G); FEDERAL STATUTES, OTHER; Parading, Demonstrating, or Picketing in a Capitol Building (5) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 40:5104(e)(2)(G); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Parading, Demonstrating, or | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |

A2

Picketing in a Capitol Building.
(5s)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in Violation of 18:1752(a)(1) and (2) and 40:5104(e)(2)(D) and (G) | |

---

**Plaintiff**

**USA**                                  represented by  **Brian Daniel Brady**
                                                         DOJ-CRM
                                                         1301 New York Avenue NW
                                                         Washington DC, DC 20005
                                                         (202) 834-1916
                                                         Email: brian.brady@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Assistant U.S. Attorney*

                                                         **Christopher Berridge**
                                                         U.S. ATTORNEY'S OFFICE FOR THE
                                                         DISTRICT OF COLUMBIA
                                                         555 4th Street NW
                                                         Washington, DC 20001
                                                         (202) 252-6685
                                                         Email: christopher.berridge@usdoj.gov
                                                         *TERMINATED: 02/25/2021*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Assistant U.S. Attorney*

                                                         **Andrew Haag**
                                                         USAO
                                                         Criminal Division
                                                         601 D Street NW
                                                         Washington, DC 20530
                                                         202-252-7755
                                                         Email: andrew.haag@usdoj.gov
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Assistant U.S. Attorney*

A3

**Lucy Sun**
DOJ-USAO
595 Main Street
Worcester, MA 01608
508-368-0103
Email: lucy.sun@usdoj.gov
*TERMINATED: 01/26/2022*
*Designation: Assistant U.S. Attorney*

**Susan Lehr**
DOJ-USAO
1620 Dodge Street
Suite 1400
Omaha, NE 68102-1506
(402) 661-3715
Email: susan.lehr@usdoj.gov
*TERMINATED: 04/29/2022*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/15/2021 | 1 | COMPLAINT as to DANIEL GOODWYN (1). (Attachments: # 1 Statement of Facts) (zstd) [1:21-mj-00063-ZMF] (Entered: 01/15/2021) |
| 01/15/2021 | 3 | NOTICE OF ATTORNEY APPEARANCE Christopher Berridge appearing for USA. (Berridge, Christopher) [1:21-mj-00063-ZMF] (Entered: 01/15/2021) |
| 01/29/2021 | | Arrest of DANIEL GOODWYN in U.S. District Court for the Eastern District of Texas (Sherman). (zltp) [1:21-mj-00063-ZMF] (Entered: 02/25/2021) |
| 02/16/2021 | 5 | Rule 5(c)(3) Documents Received as to DANIEL GOODWYN from U.S. District Court for the Eastern District of Texas (Sherman) Case Number 4:21-mj-00092-KPJ (zltp) [1:21-mj-00063-ZMF] (Entered: 02/25/2021) |
| 02/21/2021 | 4 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Sun, Lucy added. (Sun, Lucy) [1:21-mj-00063-ZMF] (Entered: 02/21/2021) |
| 02/24/2021 | 6 | INDICTMENT as to DANIEL GOODWYN (1) count(s) 1, 2, 3, 4, 5. (zltp) (Entered: 02/25/2021) |
| 02/25/2021 | 8 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Sun, Lucy added. (Sun, Lucy) (Entered: 02/25/2021) |
| 03/05/2021 | 9 | NOTICE OF ATTORNEY APPEARANCE: John Daniel Hull, IV appearing for DANIEL GOODWYN (Hull, John) (Entered: 03/05/2021) |
| 03/10/2021 | | ORAL MOTION for Speedy Trial by DANIEL GOODWYN. (ztl) (Entered: 04/02/2021) |
| 03/10/2021 | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Initial Appearance as to DANIEL GOODWYN held on 3/10/2021. Defendant present by video. Defendant retained counsel. Conditions of Release given to Defendant and 3rd party custodian sworn to conditions. Oral Motion by the Government for Speedy Trial as to DANIEL GOODWYN (1); heard and granted. Speedy Trial Excluded from 3/10/2021 to 4/2/2021 in the Interest of Justice (XT). Arraignment/Status Hearing set for 4/2/2021 at 2:00 PM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Defendant Remain on Personal Recognizance; Court Reporter: FTR-Gold; FTR Time |

A4

| | | |
|---|---|---|
| | | Frame: Ctrm 4: [1:35:36-1:49:37];Defense Attorney: John Hull, IV; US Attorney: Jacob Steiner for Lucy Sun; Pretrial Officer: John Copes. (ztl) (Entered: 04/02/2021) |
| 03/12/2021 | 12 | ORDER Setting Conditions of Release as to DANIEL GOODWYN (1) Defendant Remain on Personal Recognizance. Signed by Magistrate Judge Zia M. Faruqui on 3/12/2021. (ztl) (Entered: 04/02/2021) |
| 04/01/2021 | 10 | Unopposed MOTION to Continue *and Exclude Time Under the Speedy Trial Act* by USA as to DANIEL GOODWYN. (Attachments: # 1 Text of Proposed Order)(Sun, Lucy) (Entered: 04/01/2021) |
| 04/01/2021 | 11 | Unopposed MOTION for Protective Order by USA as to DANIEL GOODWYN. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A)(Sun, Lucy) (Entered: 04/01/2021) |
| 04/01/2021 | 13 | MOTION to Exclude Time by USA as to DANIEL GOODWYN. (See docket entry 10 to view document). (zstd) (Entered: 04/04/2021) |
| 04/02/2021 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Arraignment as to DANIEL GOODWYN (1) held on 4/2/2021, A Not Guilty Plea is entered as to Counts 1-5 of the Indictment. Speedy Trial Time Excluded 4/2/2021-6/3/2021(XT). Status Conference set for 6/3/2021 at 10:00 AM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Personal Recognizance/ Defendant appeared by video; Court Reporter: Cathryn Jones; Defense Attorney: John Hull,IV; US Attorney: Lucy Sun; (hs) (Entered: 04/02/2021) |
| 04/05/2021 | 14 | GENERAL ORDER GOVERNING CRIMINAL CASES BEFORE THE HONORABLE REGGIE B. WALTON. Signed by Judge Reggie B. Walton on April 5, 2021. (lcrbw1) (Entered: 04/05/2021) |
| 04/06/2021 | 15 | ORDER. granting 10 Motion to Exclude as to DANIEL GOODWYN (1); granting 11 Motion for Protective Order as to DANIEL GOODWYN (1). Signed by Judge Reggie B. Walton on 4/5/2021. (hs) (Entered: 04/06/2021) |
| 04/06/2021 | 16 | PROTECTIVE ORDER. Setting forth procedures for handling confidential material; allowing designated material to be filed under seal as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 4/5/2021. (hs) (Entered: 04/06/2021) |
| 06/02/2021 | 17 | ENTERED IN ERROR.....NOTICE *of Filing of Daniel Goodwyn's Executed Acceptance (Exhibit A) of Court's Protective Order* by DANIEL GOODWYN (Hull, John) Modified on 6/2/2021 (zstd). (Entered: 06/02/2021) |
| 06/02/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: as to DANIEL GOODWYN re 17 Notice (Other) was entered in error and counsel was instructed to refile said pleading. The defendant's acceptance attachment needs to be filed with a notice of filing as the main document and the defendant's acceptance has the attachment.(zstd) (Entered: 06/02/2021) |
| 06/04/2021 | 19 | ORDER as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 6/4/2021. (hs) (Entered: 06/04/2021) |
| 06/07/2021 | 20 | NOTICE *OF FILING OF ACCEPTANCE OF PROTECTIVE ORDER* by DANIEL GOODWYN re 16 Protective Order (Attachments: # 1 Exhibit Goodwyn Acceptance of Protective Order)(Hull, John) (Entered: 06/07/2021) |
| 07/28/2021 | 22 | MOTION to Revoke *the Defendant Daniel Goodwyn's Pretrial Release* by USA as to DANIEL GOODWYN. (Sun, Lucy) (Entered: 07/28/2021) |

| | | |
|---|---|---|
| 07/29/2021 | | Set/Reset Hearings as to DANIEL GOODWYN: Emergency Bond Motion Hearing set for 7/30/2021 at 12:30 PM by Telephonic/VTC before Judge Reggie B. Walton. (hs) (Entered: 07/29/2021) |
| 07/30/2021 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to DANIEL GOODWYN held on 7/30/2021. 22 MOTION to Revoke the Defendant's Pretrial Release by USA; Held in Abeyance. Conditions of pretrial release modified to include: Remote monitoring by the Pretrial Services Office. An oral request for a Mental Health Assessment conducted by Pretrial Services; granted. Bond Status of Defendant: Personal Recognizance/Appeared via Telephone; Court Reporter: Bryan Wayne; Defense Attorney: John Hull; US Attorney: Lucy Sun; Pretrial Officer: John Copes-DC/Lorene Dudley-TX; (hs) (Entered: 07/30/2021) |
| 08/02/2021 | 23 | ORDER as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 7/30/2021. (hs) (Entered: 08/02/2021) |
| 08/03/2021 | | Set/Reset Hearings as to DANIEL GOODWYN: Status Conference set for 8/5/2021 at 10:00 AM by VTC before Judge Reggie B. Walton. (hs) (Entered: 08/03/2021) |
| 08/04/2021 | 24 | NOTICE by DANIEL GOODWYN (Attachments: # 1 Exhibit Holmes 08032021 letter, # 2 Exhibit Holmes CV)(Hull, John) (Entered: 08/05/2021) |
| 08/05/2021 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to DANIEL GOODWYN held on 8/5/2021. A joint oral request for a 60 day continuance; heard and granted. Speedy Trial Time Excluded 8/5/201 - 10/5/2021(XT). Status Conference set for 10/5/2021 at 09:00 AM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Personal Recognizance/Appeared via video; Court Reporter: Lorraine Herman; Defense Attorney: John Hull; US Attorney: Lucy Sun; Pretrial Officer: John Copes; (hs) Modified on 10/1/2021 (hs). (Entered: 08/05/2021) |
| 08/06/2021 | 25 | ORDER as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 8/6/2021. (hs) (Entered: 08/06/2021) |
| 08/30/2021 | 26 | NOTICE OF ATTORNEY APPEARANCE: Joseph Daniel McBride appearing for DANIEL GOODWYN (McBride, Joseph) (Entered: 08/30/2021) |
| 10/01/2021 | | Set/Reset Hearings as to DANIEL GOODWYN: Status Conference set for 10/5/2021 at 09:00 AM by Telephonic/VTC before Judge Reggie B. Walton. (hs) (Entered: 10/01/2021) |
| 10/03/2021 | 27 | MOTION to Withdraw as Attorney *for Defendant* by John Daniel Hull. by DANIEL GOODWYN. (Hull, John) (Entered: 10/03/2021) |
| 10/04/2021 | 28 | NOTICE *MEMORANDUM REGARDING STATUS OF DISCOVERY Regarding Status of General Discovery* by USA as to DANIEL GOODWYN (Sun, Lucy) Modified event title on 10/4/2021 (zstd). (Entered: 10/04/2021) |
| 10/05/2021 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to DANIEL GOODWYN held on 10/5/2021. A joint oral request for a 60 day continuance; heard and granted. Oral ruling issued, granting 27 MOTION to Withdraw as Attorney for Defendant by John Daniel Hull. Speedy Trial Time Excluded 10/5/2021-12/9/2021(XT). Status Conference set for 12/9/2021 at 09:00 AM by VTC before Judge Reggie B. Walton. Bond Status of Defendant: Personal Recognizance/Appeared via video; Court Reporter: Cathryn Jones; Defense Attorney: Joseph McBride; US Attorney: Lucy Sun; (hs) (Entered: 10/05/2021) |
| 10/05/2021 | | MINUTE ORDER, granting 27 Motion to Withdraw as Attorney. John Daniel Hull, IV withdrawn from case. as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on |

A6

| | | |
|---|---|---|
| | | 10/5/2021. (hs) (Entered: 10/05/2021) |
| 10/06/2021 | 30 | ORDER as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 10/5/2021. (hs) (Entered: 10/06/2021) |
| 10/13/2021 | 31 | MOTION for an Order to Disclose *Items Protected By FRCP 6(e) and Sealed Materials* by USA as to DANIEL GOODWYN. (Attachments: # 1 Text of Proposed Order)(Sun, Lucy) Modified event title on 10/14/2021 (zstd). (Entered: 10/13/2021) |
| 10/27/2021 | 32 | NOTICE *Regarding Status of General Discovery* by USA as to DANIEL GOODWYN (Sun, Lucy) (Entered: 10/27/2021) |
| 11/09/2021 | 33 | NOTICE *of the Government's Discovery Update* by USA as to DANIEL GOODWYN (Sun, Lucy) (Entered: 11/09/2021) |
| 11/10/2021 | 34 | SUPERSEDING INDICTMENT as to DANIEL GOODWYN (1) count(s) 1s, 2s, 3s, 4s, 5s. (zhsj) (Entered: 11/15/2021) |
| 01/04/2022 | 36 | ORDER, granting 31 Motion for Disclosure as to DANIEL GOODWYN (1) Signed by Judge Reggie B. Walton on 1/3/2022. (adh, ) (Entered: 01/04/2022) |
| 01/07/2022 | | Set/Reset Hearings as to DANIEL GOODWYN: Status Conference set for 1/10/2022 at 02:00 PM by VTC before Judge Reggie B. Walton. (adh ) (Entered: 01/07/2022) |
| 01/10/2022 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference/Arraignment as to DANIEL GOODWYN held on 1/10/2022. A joint oral request for a continuance; heard and granted. Arraignment as to DANIEL GOODWYN (1) Counts 1s-5s of the Superseding Indictment. Not Guilty Plea entered as to all counts. Speedy Trial Time Excluded (XT) 12/9/2021 - 3/28/2022. Status Conference set for 3/28/2022 at 09:30 AM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Personal Recognizance / appeared by video; Court Reporter: Cathryn Jones; Defense Attorney: Joesph McBride; US Attorney: Lucy Sun. (adh, ) (Entered: 01/10/2022) |
| 01/11/2022 | 38 | ORDER, as to DANIEL GOODWYN Signed by Judge Reggie B. Walton on 1/10/2022. (adh ) (Entered: 01/11/2022) |
| 01/26/2022 | 39 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Lehr, Susan added. (Lehr, Susan) (Entered: 01/26/2022) |
| 02/11/2022 | 40 | STATUS REPORT *Regarding Status of Discovery as of 2-9-22* by USA as to DANIEL GOODWYN (Lehr, Susan) (Entered: 02/11/2022) |
| 03/02/2022 | 41 | MOTION to Modify Conditions of Release by DANIEL GOODWYN. (McBride, Joseph) (Entered: 03/02/2022) |
| 03/08/2022 | 42 | ORDER, denying 22 Motion to Revoke as to DANIEL GOODWYN (1); granting 41 Motion to Modify Conditions of Release as to DANIEL GOODWYN (1) Signed by Judge Reggie B. Walton on 3/7/2022. (adh, ) (Entered: 03/08/2022) |
| 03/15/2022 | 43 | MOTION to Modify Conditions of Release by DANIEL GOODWYN. (McBride, Joseph) (Entered: 03/15/2022) |
| 03/22/2022 | 44 | ORDER, granting 43 Motion to Modify Conditions of Release as to DANIEL GOODWYN (1). Signed by Judge Reggie B. Walton on 3/21/2022. (adh, ) (Entered: 03/22/2022) |
| 03/25/2022 | 46 | Unopposed MOTION to Strike by USA as to DANIEL GOODWYN. (Lehr, Susan) (Entered: 03/25/2022) |

A7

| 03/28/2022 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to DANIEL GOODWYN held on 3/28/2022. A joint oral request for a continuance; heard and granted. Speedy Trial Time Excluded (XT) 3/28/2022 - 6/16/2022. Status Conference set for 6/16/2022 at 09:00 AM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Personal Recognizance / appeared via video; Court Reporter: Cathryn Jones; Defense Attorney: Joseph McBride; US Attorney: Susan Lehr. (adh, ) (Entered: 03/28/2022) |
| 03/30/2022 | 47 | ORDER as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 3/28/2022. (adh, ) (Entered: 03/30/2022) |
| 04/29/2022 | 48 | NOTICE OF ATTORNEY APPEARANCE Brian Daniel Brady appearing for USA. (Attachments: # 1 Certificate of Service)(Brady, Brian) (Entered: 04/29/2022) |
| 06/16/2022 | | Minute Entry for proceedings held before Judge Reggie B. Walton:Status Conference as to DANIEL GOODWYN held on 6/16/2022. Parties Updated The Court On The Current Posture Of This Matter. Defendant Request One (1) Month Continuance With No Objection From The Government. Status Conference set for 7/14/2022 at 9:00 AM in Telephonic/VTC before Judge Reggie B. Walton. With The Consent Of The Defendant, Speedy Trial Time Is Tolled 6/16/22 - 7/14/22 In The Interest Of Justice (XT). Bond Status of Defendant: APPEARED VIA VTC - REMAINS ON PERSONAL RECOGNIZANCE; Court Reporter: CATHRYN JONES; Defense Attorney: JOSEPH MCBRIDE; US Attorney: SUSAN LEHR; (mac) (Entered: 06/16/2022) |
| 06/16/2022 | 50 | ORDER as to DANIEL GOODWYN. (See Order For Details) Signed by Judge Reggie B. Walton on 06/16/22. (mac) (Entered: 06/16/2022) |
| 07/14/2022 | | Minute Entry for proceedings held Via VTC before Judge Reggie B. Walton:Status Conference as to DANIEL GOODWYN held on 7/14/2022. Parties Updated The Court In Regards To The Current Posture Of This Matter. Status Conference set for 7/27/2022 at 9:30 AM in Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: APPEARED VIA VTC - REMAINS ON PERSONAL RECOGNIZANCE; Court Reporter: CATHRYN JONES; Defense Attorney: JOSEPH MCBRIDE; US Attorney: DANIEL BRADY; (mac) (Entered: 07/14/2022) |
| 07/14/2022 | 52 | ORDER as to DANIEL GOODWYN That The Parties Shall Appear Before The Court For A Status Hearing On July 27, 2022 at 9:30a.m. Via Videoconference. Signed by Judge Reggie B. Walton on 07/14/22. (mac) (Entered: 07/14/2022) |
| 07/27/2022 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to DANIEL GOODWYN held on 7/27/2022. Government hopes to offer by a plea deal by the end of the week. Trial date requested. Jury Trial set for 2/27/2023 at 9:00 AM in Courtroom 16 before Judge Reggie B. Walton. Pretrial Conference set for 1/19/2023 at 2:00 PM. Motions in Limine due by 9/30/2022. Responses due by 10/28/2022. Replies due by 11/11/2022. Court Order to follow. Bond Status of Defendant: Remains on personal recognizance; appeared via video. Court Reporter: Cathryn Jones. Defense Attorney: Joseph McBride. US Attorney: Brian Brady. (zcdw) (Entered: 07/29/2022) |
| 08/02/2022 | 53 | GENERAL ORDER as to DANIEL GOODWYN Governing Criminal Cases Before The Honorable Reggie B. Walton. (See Order For Details)Signed by Judge Reggie B. Walton on 08/02/22. (mac) (Entered: 08/02/2022) |
| 08/02/2022 | 54 | PRE-TRIAL SCHEDULING ORDER as to DANIEL GOODWYN.Signed by Judge Reggie B. Walton on 08/02/22. (mac) (Entered: 08/02/2022) |
| 09/30/2022 | 55 | NOTICE OF ATTORNEY APPEARANCE: Carolyn Stewart appearing for DANIEL GOODWYN (Stewart, Carolyn) (Entered: 09/30/2022) |

A8

| 09/30/2022 | 56 | MOTION for 404(b) Evidence by USA as to DANIEL GOODWYN. (Attachments: # 1 Certificate of Service, # 2 Text of Proposed Order)(Brady, Brian) Modified event title and text on 9/30/2022 (zstd). (Entered: 09/30/2022) |
| 09/30/2022 | 57 | MOTION in Limine by USA as to DANIEL GOODWYN. (Attachments: # 1 Certificate of Service)(Brady, Brian) (Entered: 09/30/2022) |
| 09/30/2022 | 58 | MOTION in Limine by USA as to DANIEL GOODWYN. (Attachments: # 1 Certificate of Service, # 2 Declaration, # 3 Declaration)(Brady, Brian) (Entered: 09/30/2022) |
| 09/30/2022 | 59 | MOTION to Dismiss Count by DANIEL GOODWYN. (Attachments: # 1 Exhibit Proposed Order)(Stewart, Carolyn) (Entered: 09/30/2022) |
| 09/30/2022 | 60 | MOTION in Limine *Preclude Inflammatory Terms* by DANIEL GOODWYN. (Attachments: # 1 Exhibit Proposed Order)(Stewart, Carolyn) (Entered: 09/30/2022) |
| 09/30/2022 | 61 | MOTION in Limine *Preclude Testimony and Evidence* by DANIEL GOODWYN. (Attachments: # 1 Exhibit Proposed Order)(Stewart, Carolyn) (Entered: 09/30/2022) |
| 09/30/2022 | 62 | ERRATA by DANIEL GOODWYN re 61 Motion in Limine (Stewart, Carolyn) (Entered: 09/30/2022) |
| 09/30/2022 | 63 | NOTICE *Of Intent to Apply Section 1512 Affirmative Defense* by DANIEL GOODWYN (Stewart, Carolyn) (Entered: 09/30/2022) |
| 10/24/2022 | 64 | MOTION to Dismiss Count by DANIEL GOODWYN. (Attachments: # 1 Exhibit Proposed Order)(Stewart, Carolyn) (Entered: 10/24/2022) |
| 10/24/2022 | 65 | MOTION for Leave to File *out of time* by USA as to DANIEL GOODWYN. (Attachments: # 1 Exhibit GOV Response to Def MTD Count One (ECF 59))(Brady, Brian) (Entered: 10/24/2022) |
| 10/28/2022 | 66 | RESPONSE by USA as to DANIEL GOODWYN re 60 MOTION in Limine *Preclude Inflammatory Terms* (Brady, Brian) (Entered: 10/28/2022) |
| 10/28/2022 | 67 | RESPONSE by USA as to DANIEL GOODWYN re 61 MOTION in Limine *Preclude Testimony and Evidence* (Brady, Brian) (Entered: 10/28/2022) |
| 10/28/2022 | 68 | RESPONSE by DANIEL GOODWYN re 56 MOTION for 404(b) Evidence (Attachments: # 1 Exhibit Proposed Order, # 2 Exhibit)(Stewart, Carolyn) (Entered: 10/28/2022) |
| 10/28/2022 | 69 | RESPONSE by DANIEL GOODWYN re 58 MOTION in Limine , 57 MOTION in Limine (Stewart, Carolyn) (Entered: 10/28/2022) |
| 11/07/2022 | 70 | RESPONSE by DANIEL GOODWYN re 65 MOTION for Leave to File *out of time* (Stewart, Carolyn) (Entered: 11/07/2022) |
| 11/07/2022 | 71 | MOTION for Extension of Time *file pretrial jury related documents* by DANIEL GOODWYN. (Attachments: # 1 Text of Proposed Order)(Stewart, Carolyn) (Entered: 11/07/2022) |
| 11/10/2022 | 72 | REPLY in Support by USA as to DANIEL GOODWYN re 58 MOTION in Limine , 57 MOTION in Limine *USSS and CCTV evidence* (Brady, Brian) (Entered: 11/10/2022) |
| 11/14/2022 | 73 | REPLY TO OPPOSITION to Motion by DANIEL GOODWYN re 60 MOTION in Limine *Preclude Inflammatory Terms Response at No. 66* (Stewart, Carolyn) (Entered: 11/14/2022) |
| 11/14/2022 | 74 | REPLY TO OPPOSITION to Motion by DANIEL GOODWYN re 61 MOTION in Limine *Preclude Testimony and Evidence reply Govt dkt 67* (Stewart, Carolyn) (Entered: |

A9

| | | |
|---|---|---|
| | | 11/14/2022) |
| 11/17/2022 | 75 | NOTICE OF ATTORNEY APPEARANCE Andrew Haag appearing for USA. (Haag, Andrew) (Entered: 11/17/2022) |
| 12/16/2022 | 76 | ORDER granting 65 Motion for Leave to File out of time as to DANIEL GOODWYN (1). See attached Order for details. Signed by Judge Reggie B. Walton on 12/16/2022. (zcdw) (Entered: 12/21/2022) |
| 12/16/2022 | 77 | ORDER granting in part and denying in part 71 Motion for Extension of Time to file pretrial jury related documents as to DANIEL GOODWYN (1). See attached Order for details. Signed by Judge Reggie B. Walton on 12/16/2022. (zcdw) (Entered: 12/21/2022) |
| 12/22/2022 | 78 | ORDER as to DANIEL GOODWYN That The Parties December 22,2022 Deadline To Submit Joint Proposed Voir Dire Questions, Jury Instructions And Verdict Forms Is Vacated. Signed by Judge Reggie B. Walton on 12/22/22. (mac) (Entered: 12/22/2022) |
| 12/22/2022 | 79 | MOTION for Extension of Time to File Response/Reply to ECF No.65-1 by DANIEL GOODWYN. (Attachments: # 1 Exhibit proposed order)(Stewart, Carolyn) (Entered: 12/22/2022) |
| 12/27/2022 | | Set/Reset Deadlines/Hearings as to DANIEL GOODWYN: Plea Agreement Hearing set for 1/31/2023 at 2:00 PM via video conference before Judge Reggie B. Walton. (zcdw) (Entered: 12/27/2022) |
| 01/09/2023 | 80 | ORDER as to DANIEL GOODWYN That The Pre-Trial Conference Scheduled For January 19, 2023 Is Vacated. Signed by Judge Reggie B. Walton on 01/09/23. (mac) (Entered: 01/09/2023) |
| 01/31/2023 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Plea Agreement Hearing as to DANIEL GOODWYN held on 1/31/2023. Plea of guilty entered on Count 2s. Defendant referred to the probation office for presentence investigation. Presentence Report due by 5/1/2023. Sentencing Memoranda due by 5/22/2023. Sentencing set for 5/31/2023 at 10:00 AM in Courtroom 16 before Judge Reggie B. Walton. Bond Status of Defendant: Remains on personal recognizance; appeared via video. Court Reporter: Stacy Heavenridge. Defense Attorney: Carolyn Stewart. US Attorneys: Brian Daniel Brady and Andrew Haag. (zcdw) (Entered: 02/01/2023) |
| 01/31/2023 | 82 | PLEA AGREEMENT as to DANIEL GOODWYN. (zcdw) (Entered: 02/01/2023) |
| 01/31/2023 | 83 | STATEMENT OF OFFENSE by USA as to DANIEL GOODWYN. (zcdw) (Entered: 02/01/2023) |
| 02/03/2023 | 84 | Consent MOTION to Modify Dates Using Fed R. Crim P. 32, MOTION for Order Reset dates related to sentencing by DANIEL GOODWYN. (Attachments: # 1 Exhibit proposed order)(Stewart, Carolyn) (Entered: 02/03/2023) |
| 02/15/2023 | 85 | ORDER as to DANIEL GOODWYN (See Order For Details) Signed by Judge Reggie B. Walton on 02/15/23. (mac) (Entered: 02/15/2023) |
| 03/14/2023 | 86 | ORDER as to DANIEL GOODWYN: granting in part and denying in part 84 Defendant's Unopposed Motion to Apply Rule 32 Times Based on the Presentencing Report Delivery, with Memorandum of Law. Presentence Report due by 4/25/2023. Signed by Judge Reggie B. Walton on March 14, 2023. (zalh) (Entered: 03/15/2023) |
| 03/24/2023 | 87 | ORDER as to DANIEL GOODWYN. Final Presentence Report due by 5/1/2023. Sentencing continued to 6/5/2023 at 10:00 AM in Courtroom 16- In Person before Judge Reggie B. Walton. See order for details. Signed by Judge Reggie B. Walton on March 24, 2023. (zalh) (Entered: 03/27/2023) |

A10

| 03/27/2023 | 88 | MOTION for Sentencing via VTC re 87 Order,, Set Deadlines/Hearings by DANIEL GOODWYN. (Attachments: # 1 Exhibit proposed order)(Stewart, Carolyn) Modified text on 3/27/2023 (zstd). (Entered: 03/27/2023) |
| --- | --- | --- |
| 04/07/2023 | 90 | ORDER as to DANIEL GOODWYN: denying 88 Unopposed Defendant's Motion for Sentencing Via VTC. Signed by Judge Reggie B. Walton on April 7, 2023. (zalh) (Entered: 04/07/2023) |
| 04/20/2023 | 92 | MOTION to Withdraw as Attorney by Joseph D. McBride. by DANIEL GOODWYN. (McBride, Joseph) (Entered: 04/20/2023) |
| 04/20/2023 | 93 | MOTION for Leave to File *EXHIBIT A* by DANIEL GOODWYN. (McBride, Joseph) (Entered: 04/20/2023) |
| 04/21/2023 | 95 | ORDER as to DANIEL GOODWYN: granting 93 Motion for Leave to File Under Seal Exhibit A to Motion to Withdraw as Counsel. Signed by Judge Reggie B. Walton on April 21, 2023. (zalh) (Entered: 04/26/2023) |
| 04/28/2023 | 98 | ORDER as to DANIEL GOODWYN: granting 92 Motion to Withdraw as Counsel. Joseph Daniel McBride withdrawn from case. Signed by Judge Reggie B. Walton on April 28, 2023. (zalh) (Entered: 05/01/2023) |
| 05/15/2023 | | NOTICE OF ERROR as to DANIEL GOODWYN regarding 101 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to DANIEL GOODWYN. (This document is SEALED and only available to authorized persons.). The following error(s) were corrected: The corrected filing is at DE #102. (zstd) (Entered: 05/17/2023) |
| 05/18/2023 | 103 | SENTENCING MEMORANDUM by USA as to DANIEL GOODWYN (Haag, Andrew) (Entered: 05/18/2023) |
| 05/23/2023 | 104 | MOTION for Extension of Time to File *Sentence Memorandum* by DANIEL GOODWYN. (Stewart, Carolyn) (Entered: 05/23/2023) |
| 05/23/2023 | 105 | SENTENCING MEMORANDUM by DANIEL GOODWYN (Attachments: # 1 Exhibit sentencing Section 1752(a)(1)), # 2 Exhibit support letters)(Stewart, Carolyn) (Attachment 2 replaced on 5/23/2023) (zltp). (Entered: 05/23/2023) |
| 05/23/2023 | 106 | ORDER as to DANIEL GOODWYN: granting 104 Defendant's Motion for Leave of Court to Extend Time to File. Defendant's Sentencing Memorandum due by 5/23/2023. Signed by Judge Reggie B. Walton on May 23, 2023. (zalh) (Entered: 05/24/2023) |
| 06/01/2023 | | NOTICE OF HEARING as to DANIEL GOODWYN: Sentencing reset for 3:00 PM on 6/5/2023 in Courtroom 16- In Person before Judge Reggie B. Walton. (zalh) (Entered: 06/01/2023) |
| 06/05/2023 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Sentencing as to DANIEL GOODWYN held on 6/5/2023. Sentencing is continued to 6/6/2023 at 1:30 PM in Courtroom 16- In Person before Judge Reggie B. Walton. Bond Status of Defendant: remains on Personal Recognizance; Court Reporter: Sherry Lindsay; Defense Attorney: Carolyn Stewart; US Attorney: Andrew Haag; Probation Officer: Jessica Reichler. (zalh) (Entered: 06/05/2023) |
| 06/06/2023 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Sentencing resumed and concluded on 6/6/2023 as to DANIEL GOODWYN on Count 2s. Defendant sentenced to Sixty (60) Days of incarceration with credit for time served followed by One (1) Year of Supervised Release. Special Assessment of $25 imposed. Restitution of $500 imposed. Fine of $2,500 imposed. Defendant permitted to voluntarily surrender. Government's oral motion to dismiss the remaining counts; heard and granted. Bond Status of Defendant: remains on Personal Recognizance until self-surrender; Court |

A11

| | | Reporter: Sherry Lindsay; Defense Attorney: Carolyn Stewart; US Attorney: Andrew Haag; Probation Officer: Jessica Reichler. (zalh) (Entered: 06/08/2023) |
|---|---|---|
| 06/15/2023 | 108 | JUDGMENT as to DANIEL GOODWYN. Statement of Reasons Not Included. Signed by Judge Reggie B. Walton on 6/15/2023. (zstd) (Entered: 06/16/2023) |
| 06/15/2023 | 109 | STATEMENT OF REASONS as to DANIEL GOODWYN re 108 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court. Signed by Judge Reggie B. Walton on 6/9/2023. (zstd) (Entered: 06/16/2023) |
| 06/30/2023 | 110 | NOTICE OF APPEAL - Final Judgment by DANIEL GOODWYN re 108 Judgment. Filing fee $ 505, receipt number ADCDC-10176871. Fee Status: Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit)(Stewart, Carolyn) (Entered: 06/30/2023) |
| 07/03/2023 | 111 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid as to DANIEL GOODWYN re 110 Notice of Appeal - Final Judgment. (zstd) (Entered: 07/03/2023) |
| 07/07/2023 | | USCA Case Number as to DANIEL GOODWYN 23-3106 for 110 Notice of Appeal - Final Judgment filed by DANIEL GOODWYN. (zstd) (Entered: 07/07/2023) |
| 07/15/2023 | 112 | TRANSCRIPT OF PROCEEDINGS in case as to DANIEL GOODWYN before Judge Reggie B. Walton held on 6/6/2023; Page Numbers: 1-65. Date of Issuance:7/15/23. Court Reporter/Transcriber Sherry Lindsay, Telephone number 202-354-3053, Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 8/5/2023. Redacted Transcript Deadline set for 8/15/2023. Release of Transcript Restriction set for 10/13/2023.(stl) (Entered: 07/15/2023) |
| 07/15/2023 | 113 | TRANSCRIPT OF PROCEEDINGS in case as to DANIEL GOODWYN before Judge Reggie B. Walton held on 6/6/23; Page Numbers: 1-15. Date of Issuance:7/15/2023. Court Reporter/Transcriber Sherry Lindsay, Telephone number 202-354-3053, Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five |

A12

personal identifiers specifically covered, is located on our website at
www.dcd.uscourts.gov.

Redaction Request due 8/5/2023. Redacted Transcript Deadline set for 8/15/2023.
Release of Transcript Restriction set for 10/13/2023.(stl) (Entered: 07/15/2023)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/30/2023 12:26:11 | | | |
| **PACER Login:** | cpnycpara17 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:21-cr-00153-RBW |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

A13



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D St., N.W.*
*Washington, D.C. 20530*



**FILED**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

December 2, 2022

Joseph McBride, jmcbride@mcbridelawnyc.com
Carolyn Stewart, carolstewart_esq@protonmail.com

Re:  <u>United States v. Daniel Goodwyn</u>
      Criminal Case No. 21-cr-153

Dear Ms. Stewart and Mr. McBride:

This letter sets forth the full and complete plea offer to your client, Daniel Goodwyn (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on **December 21, 2022**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

1.    **<u>Charges and Statutory Penalties</u>**

Your client agrees to plead guilty Count two in the Indictment, charging your client with Entering and Remaining in a Restricted Building or Grounds, in violation of <u>18 U.S.C. § 1752(a)(1)</u>.

Your client understands that a violation of <u>18 U.S.C. § 1752(a)(1)</u> carries a maximum sentence of one (1) year of imprisonment; a fine of $100,000, pursuant to <u>18 U.S.C. § 3571(b)(5)</u>; a term of supervised release of not more than 1 year, pursuant to <u>18 U.S.C. § 3583(b)(3)</u>; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, pursuant to <u>18 U.S.C. § 3013(a)(1)(A)(iii)</u>, your client agrees to pay a special assessment of $25 per class A misdemeanor conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to <u>18 U.S.C. § 3572</u> & § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2021) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a

A14

fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2.     **Cooperation with Additional Investigation**

Your client agrees to allow law enforcement agents to conduct an interview of your client regarding the events in and around January 6, 2021 prior to sentencing.

3.     **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

4.     **Additional Charges**

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. The Government will request that the Court dismiss the remaining counts of the Indictment in this case at the time of sentencing. Your client agrees and acknowledges that the charge(s) to be dismissed at the time of sentencing were based in fact.

After the entry of your client's plea of guilty to the offense identified in paragraph one above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this Agreement and about which this Office was made aware by your client prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

5.     **Sentencing Guidelines Analysis**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

### A.   Estimated Offense Level Under the Guidelines

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| U.S.S.G. § 2B2.3(a) | Base Offense Level | 4 |
| U.S.S.G. § 2B2.3(b)(1)(A) | Specific Offense Characteristics | 2 |
| | Total | 6 |

Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the Estimated Offense Level will be at least 4.

### B.   Estimated Criminal History Category

Based upon the information now available to this Office (including the representations by the defense), your client has no criminal convictions.

Accordingly, your client is estimated to have 0 criminal history points and your client's Criminal History Category is estimated to be I (the "Estimated Criminal History Category"). Your client acknowledges that after the pre-sentence investigation by the United States Probation Office, a different conclusion regarding your client's criminal convictions and/or criminal history points may be reached and your client's criminal history points may increase or decrease.

### C.   Estimated Guidelines Range

Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, your client's estimated Sentencing Guidelines range is 0 months to 6 months (the "Estimated Guidelines Range"). In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 4, the estimated applicable fine range is $500 to $9,500. Your client reserves the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted, except the Government reserves the right to request an upward departure pursuant to U.S.S.G. § 3A1.4, n. 4.  Except as provided for in the "Reservation of Allocution" section below, the parties also agree that neither party will seek any offense-level calculation different from the Estimated Offense Level calculated above in subsection A.  However, the parties are free to argue for a Criminal History Category different from that estimated above in subsection B.

Your client understands and acknowledges that the Estimated Guidelines Range calculated above is not binding on the Probation Office or the Court.  Should the Court or Probation Office determine that a guidelines range different from the Estimated Guidelines Range is applicable, that will not be a basis for withdrawal or recission of this Agreement by either party.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement.  Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

6.  **Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below.  However, the parties agree that either party may seek a variance and suggest that the Court consider a sentence outside of the applicable Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

7.  **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the court, even if those calculations differ from the Estimated Guidelines Range calculated herein.  In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors

A17

listed in <u>18 U.S.C. § 3553(a)</u>, the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to allocute for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from the Estimated Guidelines Range calculated herein.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation.  The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8.     **<u>Court Not Bound by this Agreement or the Sentencing Guidelines</u>**

Your client understands that the sentence in this case will be imposed in accordance with <u>18 U.S.C. § 3553(a)</u>, upon consideration of the Sentencing Guidelines.  Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court.  Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.  Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range.  The Government cannot, and does not, make any promise or representation as to what sentence your client will receive.  Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.  The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court.  Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

9.     **<u>Conditions of Release</u>**

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.  The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community.  Your client also agrees that any violation of your client's release conditions or any misconduct by your client may result in the Government filing an <u>ex parte</u> motion with the Court requesting that a bench warrant be issued for your client's

arrest and that your client be detained without bond while pending sentencing in your client's case.

    10.    **Waivers**

        a.    **Venue**

Your client waives any challenge to venue in the District of Columbia.

        b.    **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement)may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

        c.    **Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea

proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

d.    **Appeal Rights**

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

e.    **Collateral Attack**

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2).

f.    **Hearings by Video Teleconference and/or Teleconference**

Your client agrees to consent, under the CARES Act, Section 15002(b)(4) and otherwise, to hold any proceedings in this matter – specifically including but not limited to presentment, initial appearance, plea hearing, and sentencing – by video teleconference and/or by teleconference and to waive any rights to demand an in-person/in-Court hearing. Your client further agrees to not challenge or contest any findings by the Court that it may properly proceed by video

A20

teleconferencing and/or telephone conferencing in this case because, due to the COVID-19 pandemic, an in-person/in-Court hearing cannot be conducted in person without seriously jeopardizing public health and safety and that further there are specific reasons in this case that any such hearing, including a plea or sentencing hearing, cannot be further delayed without serious harm to the interests of justice.

g.     **Use of Self-Incriminating Information**

The Government and your client agree, in accordance with U.S.S.G. § 1B1.8, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

11.    **Restitution**

Your client acknowledges that the riot that occurred on January 6, 2021, caused as of October 14, 2022, approximately $2,881,360.20 damage to the United States Capitol. Your client agrees as part of the plea in this matter to pay restitution to the Architect of the Capitol in the amount of $500.

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs. If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov. Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to your client's sentencing. Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit. Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If

A21

the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

12.    **<u>Breach of Agreement</u>**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

A22

13.     **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than December 21, 2022.

Sincerely yours,

*Matthew M. Graves / JSL*

Matthew M. Graves
United States Attorney

By:     /s/ Brian Brady
        Brian Brady
        Trial Attorney, Department of Justice
        DC Bar No. 1674360
        1301 New York Ave. N.W., Suite 800
        Washington, DC 20005
        (202) 834-1916
        Brian.Brady@usdoj.gov

DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorneys, Joseph McBride and Carolyn Stewart. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 12/20/2022          _Daniel Goodwyn_
                          Daniel Goodwyn
                          Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Daniel Goodwyn, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 12/20/2022          /s/ Joseph McBride
                          Joseph McBride
                          Attorney for Defendant

Date: 12/20/2022          _Carolyn Stewart_
                          Carolyn Stewart
                          Attorney for Defendant

A24

Case 1:21-cr-00153-RBW   Document 83   Filed 01/31/23   P



**FILED**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No.: 21-CR-153 (RBW)** |
| | : | |
| **v.** | : | **18 U.S.C. § 1752(a)(1)** |
| | : | |
| **DANIEL GOODWYN,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the Defendant, Daniel Goodwyn, with the concurrence of his attorneys, agree and stipulate to the below factual basis for the Defendant's guilty plea—that is, if this case were to proceed to trial, the parties stipulate that the United States could prove the below facts beyond a reasonable doubt:

### *The Attack at the U.S. Capitol on January 6, 2021*

1.      The U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is secured twenty-four hours a day by U.S. Capitol Police (USCP). Restrictions around the Capitol include permanent and temporary security barriers and posts manned by USCP. Only authorized people with appropriate identification are allowed access inside the Capitol.

2.      On January 6, 2021, the exterior plaza of the Capitol was closed to members of the public.

3.      On January 6, 2021, a joint session of the United States Congress convened at the Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election,

A25

which had taken place on Tuesday, November 3, 2020. The joint session began at approximately 1:00 PM. Shortly thereafter, by approximately 1:30 PM, the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

4.      As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside the Capitol. Temporary and permanent barricades, as noted above, were in place around the exterior of the Capitol, and USCP officers were present and attempting to keep the crowd away from the Capitol and the proceedings underway inside.

5.      At approximately 2:00 PM, certain individuals in the crowd forced their way through, up, and over the barricades. Officers of the USCP were forced to retreat and the crowd advanced to the exterior façade of the building. The crowd was not lawfully authorized to enter or remain in the building and, prior to entering the building, no members of the crowd submitted to security screenings or weapons checks as required by USCP officers or other authorized security officials.

6.      At such time, the certification proceedings were still underway, and the exterior doors and windows of the Capitol were locked or otherwise secured. Members of the USCP attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 PM, individuals in the crowd forced entry into the Capitol, including by breaking windows and by assaulting members of law enforcement, as others in the crowd encouraged and assisted those acts. The riot resulted in substantial damage to the Capitol, requiring the expenditure of more than $2.8 million dollars for repairs according to the Architect of the Capitol (AOC).

A26

7.      Shortly thereafter, at approximately 2:20 PM, members of the House of
Representatives and of the Senate, including the President of the Senate, Vice President Pence,
were instructed to—and did—evacuate the chambers. Accordingly, all proceedings of the United
States Congress, including the joint session, were effectively suspended until shortly after 8:00
PM on January 6, 2021. In light of the dangerous circumstances caused by the unlawful entry to
the Capitol—including the danger posed by individuals who had entered the Capitol without any
security screening or weapons check—Congressional proceedings could not resume until after
every unauthorized occupant had been removed from or left the Capitol, and USCP confirmed that
the building was secured. The proceedings resumed at approximately 8:00 PM after the building
had been secured. Vice President Pence remained in the Capitol from the time he was evacuated
from the Senate Chamber until the session resumed.

### *Daniel Goodwyn's Participation in the January 6, 2021, Capitol Riot*

8.      The Defendant, Daniel Goodwyn, lives in Corinth, Texas as a condition of his
release. In January 2021 he was a legal resident of California where he intends to return. On or
about January 1, 2021, Defendant traveled from San Francisco, California to Washington, D.C. A
purpose of the Defendant's trip to Washington, D.C., was to support Senator Cruz's objection with
call for investigation and to protest Congress' certification of the Electoral College.

9.      Prior to January 6, on November 7, 2020, Defendant posted a picture on Twitter
("tweeted") of the Proud Boys logo and stated, "Stand back and stand by! Show up at your state
Capitol at noon today local time. Await orders from our Commander in Chief. #StopTheSteal!
StopTheSteal.US." The January 6, 2021 events at the Ellipse were not announced until
approximately December 18, 2020. On December 28, 2020, the Defendant tweeted
"#FightForTrump" and "#StopTheSteal" and linked a GiveSendGo account where he was soliciting
donations to fund his travel to Washington, D.C. on January 6, 2021.

A27

10.     On January 6, Defendant attended the "Stop the Steal" rally and then marched with other protestors to the Capitol.

11.     Between 2 p.m. and 4 p.m., Defendant was a part of the crowd that had gathered on the northern Lower West Terrace on the restricted grounds of the Capitol.



12.     While there, the Defendant utilized a bullhorn handed to him by a stranger to encourage others  to enter the Capitol.  Defendant stated, "Behind me, the door is open" and "we need you to push forward, forward;" and  "we need critical mass for this to work" and "Go behind me and go in."

13.     At 3:32 p.m., Defendant entered the Capitol through the open Senate Wing door.

A28





As the Defendant entered the Capitol an officer reached out and touched the Defendant. The

Defendant turned to the officer and continued inside the Capitol. While exiting the Capitol,

Defendant was called out as "sfthoughtcriminal" by Anthime Gionet aka "Baked Alaska" who was

inside the Capitol livestreaming his broadcast. Defendant slowed down and paused to identify

A29

himself on the video as "Daniel Goodwyn" after having been told to leave the building by a law enforcement officer. As Defendant left, he told strangers in his vicinity that the officer was an "Oathbreaker" and to get his badge number. The Defendant then exited the Capitol at 3:33 p.m., 36 seconds after he entered.



14.    On January 6, 2021, Defendant sent and received a number of text messages. For example, at 2:15 p.m., Defendant was asked by Christopher Goodwyn, "What's going on?" Then at 3:17 after no response Christopher Goodwyn wrote "Hey where are you?" At 3:39 the Defendant responded, "Capitol." At 3:53 p.m. Christopher Goodwyn texted, "you safe and ok?" At 3:54 Christopher Goodwyn added "heard some knuckleheads stormed the capitol building." At 3:56 p.m. the Defendant answered "yes I'm safe" followed by the text "I went inside." Christopher Goodwyn replied at 4:09 p.m., "Inside where?" At 4:29 p.m., the Defendant responded, "The capitol building." At 4:54 p.m. Christopher Goodwyn asked, "Why?" At 5:01 p.m. the Defendant responded, "That's what we were doing." At 8:02 p.m., the Defendant sent Christopher Goodwyn and three other persons private texts with a link to a CBS News live update article which followed the certification

of the electoral vote.

15.    At 4:02 p.m. Laura McGregor texted the Defendant that it seemed like Antifa was present. At 4:03 p.m., Defendant messaged Laura McGregor, "Patriots rushed the Capitol."

16.    On January 6, 2021, at 9:41 p.m., in response to DrewHLive's Twitter status the Defendant posted on Twitter, "They WANT a revolution. They're proving our point. They don't represent us. They hate us. (DrewHLive's status is available at: https://web.archive.org/web/20210107020503/https://twitter.com/DrewHLive/status/1347001087975432192.)

17.    On the night of January 6, 2021, Mr. Goodwyn posted on his Instagram story account @DanielGoodwyn that was banned and deleted; "I didn't break or take anything."

### Elements of the Offense

18.  Daniel Goodwyn knowingly and voluntarily admits to all the elements of Entering or Remaining in a Restricted Building or Grounds, a violation of Title 18, United States Code, Section 1752(a)(1). Specifically, defendant admits he entered or remained in a restricted building or grounds without lawful authority to do so and that he did so knowingly. A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    *Brian Brady*
Brian Brady
Trial Attorney
D.C. Bar No. 1674360

A31

## DEFENDANT'S ACKNOWLEDGMENT

I, Daniel Goodwyn, have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 12/20/2022          *Daniel Goodwyn*
                          Daniel Goodwyn
                          Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 12/20/2022          /s/ Joseph McBride
                          Joseph McBride
                          Attorney for Defendant


Date: 12/20/2022          /s/ *Carolyn Stewart*
                          Carolyn Stewart
                          Attorney for Defendant

Page **8** of **8**

A32

AO 245B (Rev 09/19)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| DANIEL GOODWYN | ) | Case Number: 21-CR-153 (RBW) |
| | ) | USM Number: 27932-509 |
| | ) | Carolyn Stewart |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    2s of the Superseding Indictment filed on 11/10/2021

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1752(a)(1) | Entering and Remaining in a Restricted Building or Grounds | 1/6/2021 | 2s |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   ALL REMAINING COUNTS   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/6/2023
Date of Imposition of Judgment

Signature of Judge

Reggie B. Walton, U.S. District Judge
Name and Title of Judge

June 15, 2023
Date

A33

AO 245B (Rev 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page    2    of    7

DEFENDANT:  DANIEL GOODWYN
CASE NUMBER:  21-CR-153 (RBW)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Sixty (60) days on Count 2s with credit for time served.

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant to be detained at FCI Bastrop, FCI El Reno, or any other minimum security facility located as close as possible to his family.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.  on _____ .

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

A34

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page   3   of   7

DEFENDANT:  DANIEL GOODWYN
CASE NUMBER:  21-CR-153 (RBW)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
One (1) year of supervised release on Count 2s.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you
    pose a low risk of future substance abuse. *(check if applicable)*
4.  ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

A35

AO 245B (Rev 09/19)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT: DANIEL GOODWYN
CASE NUMBER: 21-CR-153 (RBW)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

A36

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page   5   of   7

DEFENDANT: DANIEL GOODWYN
CASE NUMBER: 21-CR-153 (RBW)

## SPECIAL CONDITIONS OF SUPERVISION

Mental Health Treatment - You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Financial Information Disclosure - You must provide the probation officer access to any requested financial information and authorize the release of any financial information until you pay the financial obligations imposed by the Court. The probation office may share financial information with the United States Attorney's Office.

Financial Restrictions - You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

Firearm Restriction - You shall remove firearms, destructive devices, or other dangerous weapons from areas over which you have access or control until the term of supervision expires.

Computer Monitoring/Search - To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

A37

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: DANIEL GOODWYN
CASE NUMBER: 21-CR-153 (RBW)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 25.00 | $ 500.00 | $ 2,500.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Architect of the Capitol | | $500.00 | |
| Office of the Chief Financial Officer | | | |
| Attn: Kathy Sherrill, CPA | | | |
| Ford House Office Building, Room H2-205B | | | |
| Washington, DC 20515 | | | |
| TOTALS | $ 0.00 | $ 500.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the  ☑ fine  ☑ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

A38

AO 245B (Rev 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page  7  of  7

DEFENDANT: DANIEL GOODWYN
CASE NUMBER: 21-CR-153 (RBW)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 3,025.00 _____ due immediately, balance due

☐ not later than _____ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

The financial obligations are immediately payable to the Clerk of the Court for the U.S. District Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
(including defendant number)               Total Amount        Joint and Several Amount        Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

A39

# United States District Court for the District of Columbia

UNITED STATES OF AMERICA          )
                                  )
vs.                               )     Criminal No. 1:21-cr-00153 (RBW)
                                  )
Daniel Goodwyn                    )

## NOTICE OF APPEAL

Name and address of appellant:
> Daniel Goodwyn
> 2408 Creekwood Street
> Corinth, Texas 76210

Name and address of appellant's attorney:
> Carolyn Stewart
> Stewart Country Law PA
> 1204 Swilley Rd
> Plant City, FL 33567

Offense:  18 U.S.C. Section 1752(a)(1)

Concise statement of judgment or order, giving date, and any sentence:

Judgment order entered June 16, 2023 ECF No. 108, with Special Condition of Supervised Release for Computer Monitoring/Search. The transcript provides that computer monitoring/searches using installed devices and software will be by the Probation Office to see if Appellant uses speech containing "disinformation."

Name and institution where now confined, if not on bail:

I, the above named appellant, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the above-stated judgment.

06/30/2023                          Daniel Goodwyn
DATE                                APPELLANT
                                    Carolyn Stewart
                                    ATTORNEY FOR APPELLANT

GOVT. APPEAL, NO FEE [ ]
CJA, NO FEE [ ]
PAID USDC FEE [ ]
PAID USCA FEE [✔]
Does counsel wish to appear on appeal?             YES [✔]  NO [ ]
Has counsel ordered transcripts?                   YES [✔]  NO [ ]
Is this appeal pursuant to the 1984 Sentencing Reform Act?  YES [✔]  NO [ ]

A40

| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF COLUMBIA |
| 2 | |
| 3 | UNITED STATES OF AMERICA, |
| | Criminal Action |
| 4 | Plaintiff, No. 1: 21-153 |
| 5 | vs. Washington, DC |
| | June 6, 2023 |
| 6 | DANIEL GOODWYN, |
| | 2:00 p.m. |
| 7 | Defendant. |
| | _____/ |
| 8 | |
| 9 | TRANSCRIPT OF SENTENCING |
| | BEFORE THE HONORABLE REGGIE B. WALTON |
| 10 | UNITED STATES DISTRICT JUDGE |
| 11 | |
| | APPEARANCES: |
| 12 | |
| | For the Plaintiff: ANDREW HAAG |
| 13 | USAO |
| | Criminal Division |
| 14 | 601 D Street NW |
| | Washington, DC 20530 |
| 15 | |
| 16 | For the Defendant: Carolyn Stewart |
| | 1204 Swilley Road |
| 17 | Plant City, FL 33567 |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| | Court Reporter: SHERRY LINDSAY |
| 22 | Official Court Reporter |
| | U.S. District & Bankruptcy Courts |
| 23 | 333 Constitution Avenue, NW |
| | Room 6710 |
| 24 | Washington, DC 20001 |
| 25 | |

A41

```
 1                    P R O C E E D I N G S
 2            THE COURTROOM DEPUTY:  This is criminal matter
 3    21-153, United States of America versus Daniel Goodwyn.  On
 4    behalf of probation, we have Jessica Reichler.
 5            May I have counsel approach the lectern and state
 6    your appearance, beginning with the government.
 7            MR. HAAG:  Good afternoon, Your Honor, Andrew Haag
 8    for the United States.
 9            THE COURT:  Good afternoon.
10            MS. STEWART:  Good afternoon, Your Honor.  Carolyn
11    Stewart for Daniel Goodwyn.
12            THE COURT:  Good afternoon.  Okay.  I took this
13    matter under consideration and gave a considerable amount of
14    thought on what was the appropriate thing to do in this case
15    and, ultimately, had to look at what occurred here and assess
16    what the appropriate sanction should be.  And first of all, the
17    defendant, as unfortunately as so many other of our fellow
18    Americans has accepted the false impression based upon
19    information that has been disseminated about the 2020
20    presidential election that somehow it was stolen.  And there is
21    just no proof whatsoever that that was, in fact, the case.  To
22    the extent that there may be some or may have been some
23    irregularities in the electoral process, there has been no
24    indication that those irregularities had any impact on the
25    ultimate outcome of the election.
```

1          There have been over 60 lawsuits that were brought

2     seeking to challenge the electoral result.  None of them have

3     been successful.  And judges from all aspects of the bench have

4     made that conclusion.  And as with so many other Americans, the

5     defendant accepted the false conclusion that the election had

6     been somehow stolen.  And there is no evidence that I have

7     heard that establishes a nexus between him having reached that

8     conclusion and his problem or situation with autism.

9          The defendant with the intention to protest the

10    election results, traveled all of the way across the country to

11    come here as he had a right to do.  And it is the American way

12    to protest peacefully, when protest is thought to be

13    appropriate.  But here, the protest became more than just the

14    peaceful protest in opposition to something that the American

15    citizenry -- at least some disapprove with.  While I can't say

16    to what extent the defendant is associated with the Proud Boys,

17    he clearly online did make statements indicating an association

18    with them and that he made the same statement that the former

19    president made when referencing the Proud Boys indicating stand

20    back and stand by.

21         And, again, there is no evidence that I have heard

22    regarding his autism that would establish a nexus between him

23    having made that statement and the autism from which he

24    suffers.  And he, after listening to apparently the former

25    president make his statements at his rally -- he then comes

 1    down to the vicinity of the Capitol with a bullhorn.  He then

 2    is exulting other rioters to find their way into the Capitol.

 3            And counsel represents that he needs a clear

 4    indication of something in order for him to appreciate what is

 5    being expected or what is being denied.  And here, according to

 6    the evidence that the government showed when he was on the

 7    bullhorn, he made statements to the effect that a critical mass

 8    was needed in order to accomplish the objective of impeding the

 9    certification of the presidential election at a time when it

10    seems clear to me that he would have seen a larger number of

11    police officers who were, in fact, impeding the ability of

12    people to gain access to the Capitol.  And that statement, it

13    seems to me, is inconsistent with the suggestion that he had no

14    appreciation that he and others who were a part of the group

15    were not welcome inside of the Capitol.

16            And, again, there is nothing that would indicate that

17    his autism impacted on his perception in that regard.  The

18    defendant after he entered a plea of guilty, within several

19    months, then appears on the Tucker Carlson show.  And,

20    unfortunately, Mr. Carlson has been a lightning rod and he has

21    said and done things that I think clearly have been divisive.

22    And he, obviously, had an objective in the show that he had

23    when the defendant appeared on that show.  And that was to give

24    the impression that individuals who have been charged in

25    reference to the events on January 6th of '21 have been treated

1    unfairly.  And I see no evidence that, in fact, was the case.

2              But he sought to try and minimize, not only the

3    conduct of the defendant, but the conduct of others who have

4    been prosecuted as a result of what took place on that day.

5    And counsel suggests that the defendant did not have the

6    opportunity to correct the record.  But he made no attempt to

7    correct the record.  And when Carlson suggested that all the

8    defendant did was go into the Capitol and walk around for less

9    than a minute and leave, that just wasn't correct.

10              And that misinformation that is disseminated to the

11   American public has contributed to the discord that now exists

12   in our country in reference to the presidential election and

13   what occurred on January 6th.  And there are people who are

14   proclaiming that the individuals who have been prosecuted, who

15   are being detained as a result of that are being held as

16   political prisoners.  And there is just nothing that supports

17   that proposition.

18              But, nonetheless, it is something that parts of the

19   media have sought to portray.  And as a result of that have, in

20   fact, continued to stir up the anger that people have resulting

21   from the misinformation that has been disseminated to the

22   American public about the events that took place on January 6th

23   of '21.

24              And the defendant did not mention the fact that he

25   was on the bullhorn encouraging people to breach the Capitol,

1    which clearly he did when he made his statements.  And he did

2    not relate the fact that when he got to the door.  And it was

3    clear to me from the evidence that the government submitted,

4    the videos, that when he was at the door, it is clear,

5    considering what took place immediately thereafter, that the

6    police officer who had directed his attention to the defendant,

7    for whatever reason, was saying to the defendant that he could

8    not enter the Capitol.  Because as soon as the defendant

9    entered the Capitol, the officer went immediately after him

10    having previously been in contact with him and sought to try

11    and -- the evidence would show have him leave the Capitol.

12          The defendant sought to avoid him.  And then when the

13    officer came back in contact with him, again, the defendant had

14    the audacity to call the officer an oath breaker, which clearly

15    was, in my view, an inappropriate statement to make to a police

16    officer who was doing nothing other than carrying out his

17    official duties to protect the Capitol and to protect those at

18    the Capitol he has an obligation to protect.  And, again, there

19    is just no evidence whatsoever in the record that would suggest

20    that the defendant's autism caused him to either get on the

21    bullhorn and say the things that he did or to make that

22    inappropriate statement to that police officer.

23          And all of that, obviously, causes me very

24    significant concern, because the argument that has been made is

25    that his autism should be reason for the Court to basically

USCA Case #23-3106    Document #2015457      Filed: 09/05/2023    Page 49 of 58
Case 1:21-cr-00153-RBW   Document 110-1   Filed 06/30/23   Page 7 of 15

7

1    overlook what he did and not impose any punishment as a result

2    of the conduct that he engaged in.  And, again, there is just

3    no evidence that would support that was the case.  And the

4    defendant, even as of yesterday, still points out his concern

5    about allegedly individuals who were purportedly assaulted by

6    the police, and according to him, have died as a result of

7    those encounters.

8          I have seen no evidence that would indicate to me --

9    and I have seen hours and hours of the videos of what took

10   place that day.  I have seen nothing that would indicate that

11   the police did anything that would indicate they were acting

12   excessively.  The police were under assault.  Several police

13   officers, because of the violent nature of what they

14   experienced have committed suicide, another officer who died as

15   a result of the trauma he experienced as a result of that.

16         And the defendant's concern has been in reference to

17   these individuals who allegedly had a demise as a result of

18   their encounter with law enforcement.  Well, those individuals

19   put themselves in that position.  All the officers were doing

20   was carrying out their official duty trying to protect the

21   Capitol from those individuals.  So to the extent that there

22   were, in fact, individuals who were injured who allegedly died

23   as a result of their injuries -- which I don't know about other

24   than Ms. Babbitt, who is the only person I am familiar with who

25   suffered injuries and died as a result of that.  Again, he

1    associates himself with these individuals who were engaged in

2    wrongdoing as compared to the officers who were merely

3    performing their official duty.

4         And, again, that would suggest to me that despite

5    counsel's representations about him being contrite about what

6    he did and his representations about that, that just rings

7    hollow considering those sympathies that he has towards those

8    who created the problem as compared to those who were

9    performing their official duty.

10        And all of that -- and, again, there is nothing that

11   I have heard in the evidence that has been presented to me that

12   shows a nexus between his autism and his perspective about

13   these individuals and their alleged injuries and demise as

14   compared to what happened to the police officers.

15        So having reached all of those conclusions, I just

16   don't see how I can conclude that he should be treated any

17   differently because of his autism as compared to other

18   individuals who engage in similar conduct.  And I deemed it

19   appropriate on several occasions to impose something less than

20   a prison sentence on individuals who merely went into the

21   Capitol, did not do any damage to the Capitol and did not

22   engage in assaultive behavior.  Under those circumstances, I

23   thought that while I don't in any way condone what they did

24   because they contributed to the mob mentality that resulted in

25   what occurred on January 6th, I nonetheless felt under those

1    circumstances those individuals were entitled to a probationary

2    sentence as compared to a period of detention.  For those

3    individuals who have done more, I felt that that wasn't

4    appropriate.  And that includes not only what occurred on that

5    day, but things that they did thereafter.

6            And, clearly, one of the problems that we are

7    suffering as a country as it relates to the 2020 election and

8    the events that occurred on January 6th is this information

9    that continues to be disseminated to the American public.  And

10   as a result of that, is creating the dissension that exists in

11   America and that is just not good for the future of our

12   country.

13           And the defendant contributed to that by what he did

14   and what he said and didn't do when he appeared on the Tucker

15   Carlson show, because that misinformation that he contributed

16   to, in my view, contributes to what we are still experiencing

17   as a result of what occurred on January 6th of 2021.  And

18   absent, again, my conclusion that anything has been shown that

19   his autism should cause him to be treated differently than

20   other individuals, it is my conclusion that a period of

21   detention is therefore appropriate.

22           And then, obviously, the question becomes what is the

23   appropriate amount of time.  He has already apparently served

24   21 days.  And he should be given credit, obviously, for that.

25   But it is my conclusion that a period of detention for

1    punishment purposes, which is an appropriate factor to consider

2    is appropriate.  Also I think it is important that deterrence,

3    both specific and general, be a part of any sentence.  And I

4    would hope that individuals in the future would appreciate that

5    if they are going to engage in the type of inappropriate

6    behavior that occurred on January 6th that there are going to

7    be consequences.  And those consequences are going to result in

8    their freedom being denied, at least for some period of time,

9    with the hope that will cause individuals not to engage in this

10   type of behavior again.  And will send a message to others

11   discouraging them from engaging in such behavior.

12              I don't know if there is anything -- there would not

13   appear to be anything that would need to be done to provide him

14   with the skills and the coping mechanisms to not involve

15   himself in anything of this nature.  But I don't know if that

16   is true or not.  But I don't think that is really a significant

17   factor to consider.  Considering the types of sentences

18   available to me -- obviously, there are a lot of different

19   options.  But it has been my position in these cases and the

20   seriousness of these cases and what it has done to our country

21   that a sentence of something less than detention, absent those

22   situations that I explained earlier where someone just went

23   into the Capitol and did not do any damage and did not assault

24   individuals, that those alternative sentences are not an

25   appropriate sentence to impose in this case.  And I have

1   considered other individuals who have engaged in similar

2   conduct and what type of sentence they have received to avoid

3   not giving a sentence that is inappropriate -- different from

4   sentences given to other individuals who engaged in similar

5   conduct.  It is my view, again, that a period of detention is

6   appropriate.  And I would conclude that defendant should be

7   detained for a period of 60 days with credit for any time he

8   has already served.

9        I also would require he serve on supervised release

10  for a period of one year.  And that while he is on supervised

11  release, he cannot be rearrested for any reason whatsoever.

12  While he is on release for any offense, he also must fully

13  cooperate with his probation officer, which means he has to

14  meet with that person each and every time he is told to.  Also

15  there is no indication of drug use, but he cannot possess or

16  use illegal drugs.  He will have to be tested as required at

17  least once within 16 days of his release from his jail sentence

18  to see if he is using drugs.  And he also has to provide a

19  sample of his DNA so see if he is involved in further crime

20  that can be used to identify him.

21       I would, consistent with the parties' agreement,

22  require that he pay $500 in restitution.  The probation

23  department has done an assessment of his financial situation.

24  And while I in no way condone the fundraising that he engaged

25  in, it appears that he does not have the money to pay the fine.

USCA Case #23-3106    Document #2015457    Filed: 09/05/2023    Page 54 of 58
Case 1:21-cr-00153-RBW  Document 110-1  Filed 06/30/23  Page 12 of 15

12

1    And, therefore, I would impose a fine, but not the amount that

2    is being requested.  I would impose a fine in the amount of

3    $2,500.

4            Also, I would require that he participate in mental

5    health treatment, if that is deemed to be necessary and that he

6    remain in that treatment until it is no longer felt to be

7    necessary by the probation department.  Also until he has

8    satisfied his financial obligations to the Court that he

9    provide any financial information to the probation office that

10   is requested and that he not create any new financial

11   obligations by way of credit obligations until those amounts

12   are paid or he gets authorization to do that from the probation

13   department.

14           I also would impose a restriction that he not possess

15   any firearms or any other dangerous weapons while he is on

16   supervised release and that he maintain employment, if he is

17   able to do so while he is under supervision.

18           And since he has used social media in order to

19   provide what I consider to be disinformation about this

20   situation, I would require that he permit his computer use to

21   be subject to monitoring and inspection by the probation

22   department to see if he is, in fact, disseminating information

23   of the nature that relates to the events that resulted in what

24   occurred on January 6th of 2021.

25           The restitution is to be paid to the Architect of the

USCA Case #23-3106    Document #2015457    Filed: 09/05/2023    Page 55 of 58
Case 1:21-cr-00153-RBW    Document 110-1    Filed 06/30/23    Page 13 of 15

13

|     |                                                                    |
|-----|--------------------------------------------------------------------|
| 1   | Capitol.  And those payments are to be made to the Court.  And      |
| 2   | the Clerk's Office will then forward that money to the             |
| 3   | architect.  I will also authorize the release of the              |
| 4   | presentence report to the appropriate entities who need it in      |
| 5   | order to carry out the orders of the Court.                        |
| 6   | The defendant does have a right to appeal his                      |
| 7   | conviction and his sentence to the Court of Appeals.  If he        |
| 8   | cannot afford to pay for a lawyer to represent him on appeal or    |
| 9   | if he cannot afford to pay for the papers to be filed with that    |
| 10  | Court to let the Court know he wants to appeal, those expenses      |
| 11  | will be paid free of charge by the government.                     |
| 12  | Probation, anything else?                                          |
| 13  | MS. REICHLER:  Nothing additional at this time, Your              |
| 14  | Honor.  Thank you.                                                 |
| 15  | THE COURT:  Anything else from the government?                     |
| 16  | MR. HAAG:  Your Honor, at this time, the defendant               |
| 17  | having been sentenced, the government moves to dismiss the         |
| 18  | remaining four counts of the indictment.                          |
| 19  | THE COURT:  Very well.  That motion is granted.                   |
| 20  | Anything else from the defense?                                   |
| 21  | MS. STEWART:  Yes, Your Honor.  Since you have                   |
| 22  | determined that he should have --                                  |
| 23  | THE COURT:  I will permit him to self report.                    |
| 24  | MS. STEWART:  Excuse me, sir?                                     |
| 25  | THE COURT:  I will permit him to self report to the              |

```
 1    facility where he is designated to serve his jail sentence.

 2              MS. STEWART:  All right.  So self reporting.  And

 3    also I would ask that you notate to the Bureau of Prisons his

 4    request for minimum security, which would be a prison camp at

 5    Bastrop, Texas, B-A-S-T-R-O-P.  And if that is not available,

 6    second choice of El Reno; E-L, second word, R-E-N-O.  That is

 7    in Oklahoma and also a minimum security camp.  But the request

 8    is for minimum security imprisonment, Your Honor.

 9              THE COURT:  I will recommend that he be permitted to

10    serve a sentence at a location as close to his family as

11    possible.  But I will leave it to the Bureau of Prisons to make

12    an assessment as to what his level of detention should be.

13              MS. STEWART:  Your Honor, in other cases it is

14    allowable.  I request here that at least we be allowed to enter

15    that his request is for minimum security.  It has happened in

16    other cases that the judge enters the minimum security request,

17    noted by the defendant.  The Bureau of Prisons doesn't have to

18    listen to us.  We understand that.

19              THE COURT:  Very well.  I will recommend that he be

20    held and detained at a minimum security facility.

21              MS. STEWART:  Thank you, Your Honor.

22              (Proceedings concluded at 2:23 p.m.)

23

24

25
```

```
 1                      C E R T I F I C A T E

 2

 3          I, SHERRY LINDSAY, Official Court Reporter, certify

 4    that the foregoing constitutes a true and correct transcript of

 5    the record of proceedings in the above-entitled matter.

 6

 7

 8

 9

10                    Dated this 14th day of June, 2023.

11

12                    _____
                      Sherry Lindsay, RPR
13                    Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25
```

A55

## CERTIFICATE OF SERVICE

I hereby certify on the 5th day of SEPTEMBER 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

On this same date, the original and additional copies of the foregoing Joint Appendix were filed by overnight delivery, postage prepaid, addressed as follows:

Clerk's Office—Appeal No. 23-3106
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001

<div style="text-align: right;">

/s/ Carolyn Stewart
Carolyn Stewart, Esq.

</div>