# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-3106**  **September Term, 2023**

**1:21-cr-00153-RBW-1**

**Filed On:** February 1, 2024

United States of America,

       Appellee

   v.

Daniel Goodwyn,

       Appellant

      **BEFORE:**   Katsas, Rao, and Garcia, Circuit Judges

## O R D E R

    Upon consideration of the appellant's brief; and the motion to remand and the opposition thereto, which includes a request to vacate the special condition of supervised release subjecting appellant to computer monitoring and searches, it is

    **ORDERED** that the computer-monitoring condition be vacated and the case be remanded for further proceedings.  The district court plainly erred in imposing the computer-monitoring condition without considering whether it was "reasonably related" to the relevant sentencing factors and involved "no greater deprivation of liberty than is reasonably necessary" to achieve the purposes behind sentencing.  18 U.S.C. § 3583(d)(1), (2); see United States v. Burroughs, 613 F.3d 233, 242–46 (D.C. Cir. 2010).  If the district court decides on remand to impose a new computer-monitoring condition, "it should explain its reasoning," "develop the record in support of its decision," and ensure that the condition accords with 18 U.S.C. § 3583(d) and constitutional protections.  Burroughs, 613 F.3d at 246.

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**